# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| JOANNE BOOTH,<br><br>　　　　　Plaintiff,<br>v.<br><br>COMENITY BANK,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JoAnne Booth ("JoAnne"), by and through her attorneys, alleges the following against Comenity Bank ("Comenity"):

## INTRODUCTION

1. Count I of JoAnne's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of JoAnne's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or

concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1332, 1367 and 47 U.S.C. §227.

4. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, JoAnne is a North Dakota citizen, and Comenity is a citizen of Delaware.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

7. JoAnne is a natural person residing in Cass County, ND.

8. Comenity is a creditor, with its principal place of business located at One Righter Parkway, Suite 100, Wilmington, DE 19803, and with its registered agent The Corporation Trust Company located at Corporation Trust Center, 1209 North Orange Street, Wilmington, DE 19801.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Comenity is attempting to collect a debt from JoAnne on three accounts.

11. In or around May of 2019, Comenity began calling JoAnne.

12. On or around May 20, 2019 at approximately 11:02 am, JoAnne answered a call from Comenity and spoke with a representative.

13. After picking up the call, JoAnne noticed an unusually long delay before Comenity's representative began speaking, consistent with the use of an automatic dialing system.

14. Comenity informed JoAnne that it was attempting to collect a debt incurred by JoAnne.

15. During that call, JoAnne asked that she not be called anymore and instead that Comenity communicate with her by mail.

16. Because the representative continued to speak over her, JoAnne repeated three or four times her request that Comenity stop calling her and to communicate by mail.

17. JoAnne's request that Comenity stopped calling her was not specific to any single account, but was for all calls from Comenity and for any purpose.

18. Despite her request that Comenity not call her, Comenity began placing calls to JoAnne's cellular phone number (***) ***-4993, in an attempt to collect her debt.

19. The calls originated from the following numbers: 208-635-7303;

208-719-3278; 303-242-3255; 505-253-0592; 614-729-3000; 614-729-5000; 614-729-5602; 614-729-5604; 614-729-6075; 614-729-6815; 614-729-6090; 614-729-7570; 614-729-9036; 614-729-9045; 614-729-9046; 614-729-9052 ; 614-754-4137; 614-754-4138; 720-372-5726; 720-456-3701; 720-456-3740; 800-695-2817; 800-749-0571; 866-291-7363; 866-679-8097; 913-312-3280; 913-312-5181; 913-312-5179; 913-312-9499; 913-563-5521; 913-677-8313; 913-677-8323; 913-677-8324; 913-677-8374.

20. Upon information and belief, these numbers are owned or operated by Comenity.

21. Comenity first ignored JoAnne's request to stop calling her less than two hours later, when Comenity called JoAnne at 12:28 pm on May 20, 2019.

22. Between the first time JoAnne revoked consent on May 20 and November 20, 2019, Comenity called JoAnne no less than **SEVENTY FIVE (75) times**.

23. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

24. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

25. Comenity is familiar with the TCPA.

26. Comenity called JoAnne several times a day.

27. Comenity called JoAnne at all times during the day, from early in the morning to late at night.

28. Comenity even called JoAnne on the weekend.

29. Comenity called JoAnne from several different numbers that JoAnne could not recognize, making it appear to JoAnne that several debt collectors were targeting her, and making it hard for JoAnne to screen the calls she was receiving.

30. Upon information and belief, Comenity called JoAnne's friends and family in order to oppress and harass JoAnne.

31. The frequency and methodology of Comenity's calls could reasonably be expected to harass JoAnne.

32. Comenity's intrusion upon JoAnne's seclusion was highly offensive to the reasonable person.

33. Comenity's intrusion upon JoAnne's seclusion was oppressive and outrageous, and exceeded reasonable collection efforts.

34. As a result of Comenity's conduct, JoAnne has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

35. Each and every one of Comenity's telephone calls caused JoAnne distraction and temporary loss of use of her telephone line.

36. Each and every one of Comenity's telephone calls caused JoAnne anxiety, annoyance and embarrassment, as well as alerted other people that she was getting constant phone calls that caused her noticeable anxiety, annoyance and

embarrassment.

37.  JoAnne is a 72 year-old woman who has been struggling to pay her medical bills, and who has had multiple surgeries to attempt to save her eyesight. Comenity's calls disrupted JoAnne's rest, exacerbating her conditions.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

38.  JoAnne incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.  Comenity violated the TCPA. Comenity's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Comenity violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Comenity willfully and/or knowingly contacted JoAnne at JoAnne's cellular telephone using an artificial prerecorded voice or

an automatic telephone dialing system and, as such, Comenity knowingly and/or willfully violated the TCPA.

40. As a result of Comenity's violations of 47 U.S.C. §227, JoAnne is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Comenity knowingly and/or willfully violated the TCPA, JoAnne is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Comenity's Invasion of JoAnne's Privacy

41. JoAnne incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42. Restatement of the Law, Second, Torts, §652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

43. Comenity violated JoAnne's privacy. Comenity's violations include, but are not limited to, the following:

   a. Comenity intentionally intruded, physically or otherwise, upon JoAnne's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having

    unequivocally revoked consent to be called.

    b. The number and frequency of the telephone calls to JoAnne by Comenity constitute an intrusion on JoAnne's privacy and solitude.

    c. Comenity's conduct would be highly offensive to a reasonable person as JoAnne received calls that caused distraction and temporary loss of use of her telephone line, anxiety, annoyance and embarrassment.

    d. Comenity's acts, as described above, were done intentionally with the purpose of abusing and harassing JoAnne to pay the alleged debt, or to pay more than JoAnne would otherwise.

    e. Comenity's conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

44. As a result of Comenity's violations of JoAnne's privacy, Comenity is liable to JoAnne for actual damages. If the Court finds that the conduct is found to be egregious, JoAnne may recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, JoAnne hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JoAnne Booth respectfully requests judgment be entered against Comenity for the following:

    A. Declaratory judgment that Comenity violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C. Actual and punitive damages for intrusion upon JoAnne's seclusion;

D. Awarding JoAnne any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Court deems appropriate.

Respectfully submitted this 12th day of February 2020.

By: */s/ JD Haas*
JD Haas
**JD HAAS & ASSOCIATES, PLLC**
1120 East 80th Street, Suite 200
Bloomington, MN 55420
(952) 345-1025
jdhaas@jdhaas.com
*Attorneys for Plaintiff,*
*JoAnne Booth*